I will subjoin a few remarks to the very satisfactory opinion delivered by the Chief Justice. First, on the objection, allowing it had been taken at the proper time, that one of the grand (181) jurors who found the bill was also one of the jurors who composed the coroner's inquest. Second, that the tales jurors were directed to be summoned from the county of Columbus.
It is undoubtedly good cause of challenge to one offered as a traverse juror that he was one of the jurors which composed the coroner's inquest, or the grand jury which had found the bill, for he had both formed and expressed an opinion on the subject; but it does not follow that it is a cause of challenge to a grand juror, or matter which should abate the indictment, that he formed one of the coroner's inquest, or had *Page 93 
formed one of a grand jury which had found a bill for the same offense, or even in the very same words; for it seems that a prisoner may, at least in England, be tried on the coroner's inquisition, and it is now the daily practice to send other bills of indictment for the same offense to the same grand jury which found the first, and to try the accused on either; it would, therefore, seem, if this objection prevails, that if one of the grand jurors which found the bill had before been one of another accusing jury, that the accusation would be bad; but if the bill was found by all the persons composing the jury which found the first bill, that is, the same jury, or the same persons organized into another jury, that the accusations would be good. No authorities in point were produced on the trial and none referred to. I except Selfridge's trial, which I have not been able to procure, and I imagine but few can be found on the subject, for I think that the principle is so firmly fixed by the practice stated above that it has seldom been attempted. In my opinion, therefore, it would have been useless for the judge to have permitted the plea to be withdrawn that the prisoner might bring the fact before them.
I think that the other objection, that the tales was awarded of the freeholders of Columbus County, is equally unfounded; for I believe that upon the true construction of our statutes on the subject of jurors, the tales should come from the same county from which (182) the panel came; more especially in local actions. And this opinion is formed both from the words and spirit of our several acts, and not on a criticism of the word tales. But if others than the freeholders of Columbus had been competent jurors, it does not follow therefrom that they
were incompetent or that the array should be challenged. It is the right and privilege of the prisoner that the jury should come de vicineto, now decomitatu, not that they should come from the State at large, even if any freeholder of the State was a competent juror. I mean to say that if the law required the jurors should come from a particular county to try the prisoner, it is his privilege that the jury should come from that county, and he may avail himself of it by challenge; but if other persons than freeholders of Columbus were competent jurors it is no cause of challenge that they did not compose part of the original or tales panel. The persons offered were competent jurors, although others might be so also. Challenge is not given to the prisoner that he should have a particular individual on his jury; but that he should not have one against whom he had an objection. The motion for a new trial and motion in arrest must be overruled, and judgment given for the State.
PER CURIAM. No error. *Page 94 
 Cited: Bright v. Sugg, 15 N.C. 494; S. v. Benton, 19 N.C. 201;Quiett v. Boon, 27 N.C. 11; S. v. Barfield, 30 N.C. 354; S. v. Harvell,49 N.C. 5; S. v. Chavis, 80 N.C. 357; S. v. Davis, ib., 413; S. v.Swepson, 81 N.C. 575; Phillips v. Lentz, 83 N.C. 243; Henry v. Cannon,86 N.C. 25; Long v. Logan, ib., 537; S. v. DeBerry, 92 N.C. 802; Dunnv. R. R., 131 N.C. 451.
(183)